IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RONNIE RAY BARNES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-071 |
| § | |
| RICK THALER, § | |
| Director, Texas Dep't of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On March 30, 2010, petitioner filed with this Court a petition for a writ of habeas corpus challenging a January 6, 2010, prison disciplinary proceeding. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated in the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner fails to indicate whether he lost any good-time credits as a result of the disciplinary proceeding. He simply lists "reduced from line class 1 to a line class 3, status remain [sic] G2" as the punishment imposed. At another part of his petition, petitioner indicates his "sentence" was "45 days, reduced from line class 1 to 3 (2 years)."

Regardless of whether petitioner lost good-time credits, he is not eligible for mandatory supervised release, as petitioner himself indicates in his petition. A review of the Offender Information Detail kept by the Texas Department of Criminal Justice confirms petitioner is incarcerated on two convictions for aggravated robberies that occurred in 1997.[1] A prisoner who, after 1996, committed the offense of aggravated robbery is not eligible for mandatory supervised release. Tex. Gov't Code § 508.149(a)(12); Act of June 1, 1995, 74th Leg., R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592. Because petitioner is not mandatory supervised release eligible, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RONNIE RAY BARNES be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of April, 2010.

                                                          */s/ Clinton E. Averitte*
                                                          CLINTON E. AVERITTE
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Offender Information Detail additionally shows petitioner's maximum sentence date is the same as his projected release date, further indicating petitioner is not mandatory supervised release eligible.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).